15477.   SCHOFIELD'S SONS COMPANY *v.* DUGGAN &
JONES.

Ordinarily, when one transfers property to another, who accepts it, a promise to pay its reasonable value is implied.

The evidence authorized the finding in favor of the plea of set-off, based upon the furnishing of defendant's lumber to the plaintiff, shipped to fill the plaintiff's order to another.

DECIDED DECEMBER 15, 1924.

Complaint; from Pulaski superior court—Judge Graham. Feb-ruary 2, 1924.

*Strozier & Deaver,* for plaintiff.

*Lawson & Ware,* for defendants.

JENKINS, P. J. Schofield's Sons Company sued Duggan & Jones on an open account which in the trial the defendants did not deny, but against which they sought to set off the value of a car of lumber. Sams-Mathews Lumber Company was indebted to Scho-field's Sons Company, and the evidence showed that in repeated let-ters they offered to settle the indebtedness in part by delivering lum-ber. Schofield's Sons Company finally, under this offer, ordered a car, and after some correspondence received a letter from Sams-Mathews Company, as follows: "Referring to your order L-8826, beg to advise that we are loading this order in car Sou. 133893, and same will go forward tomorrow or Monday." Sams-Mathews com-pany procured this lumber from Duggan, or had Duggan ship it to Schofield. Mathews, the manager of the company, testified in portions of his evidence that Sams-Mathews Company, being them-selves unable to furnish the lumber ordered, had before the ship-

ment bought it from Duggan; but elsewhere stated that it remained Duggan's lumber, and was not sold by Duggan to them, and by them to Schofield. There was no evidence that Schofield's Sons Company ever expressly dealt with Duggan, or had any knowledge that the lumber belonged to Duggan, except that the bill of lading for the shipment of the property in "Southern car No. 133893" showed the name of Duggan as consignor, and in the invoice sent to Schofield preceding or accompanying the shipment the name of Duggan appeared as the person to whom Schofield's Sons Company was "Debtor," typewritten just above the printed name of Sams Lumber Company (a concern having no apparent connection with the transaction), and at the bottom of the invoice appeared in typewriting the following unsigned statement: "We had to make this shipment from D. E. Duggan's lumber, and did not have the sheathing boards to load in the car." Duggan transferred the account and invoice for the lumber to the firm of Duggan & Jones before the suit was brought. The trial judge submitted to the jury the question of liability to Duggan under an alleged implied contract. The jury found in favor of this set-off, and the plaintiff excepts to the overruling of its motion for a new trial, based on the general grounds, and on certain excerpts from the charge of the court.

1. "Ordinarily, when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof." Civil Code (1910), § 5513. The evidence was in dispute as to whether it was the defendant, or the person with whom the plaintiff had originally contracted for the car of lumber, who was the owner thereof at the time of shipment to the plaintiff. The evidence was slight as to knowledge by the plaintiff that the car belonged to the defendant at the time of shipment, acceptance, and use by the plaintiff. The bill of lading, together with the invoice which designated Schofield as debtor to Duggan, demanded an inference that Duggan was the shipper, and that the shipment was *"from Duggan's lumber,"* and that Schofield had knowledge that the lumber had originally belonged to Duggan, and they authorized a finding that the plaintiff had knowledge that, while Sams-Mathews Company had contracted to deliver the car, they were unable to do so, and upon their request Duggan was making the delivery, which the plaintiff had previously requested from the company, and that Duggan was the owner of the

lumber at the time of the shipment; and the other facts and circumstances disclosed by the record did not compel, although they might have authorized, a different conclusion.

2. The instructions of the court fairly submitted the question at issue to the jury, and contained no material error. The trial judge in the exercise of his discretion having overruled the motion for new trial, this court can not interfere.

*Judgment affirmed. Stephens and Bell, JJ., concur.*